Liu v. Sessions

BIA
Vomacka, IJ
A200 731 894/895

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand seventeen.

PRESENT:
>    JON O. NEWMAN,
>    JOSÉ A. CABRANES,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

YI LIU, QI ZHAO,
>    *Petitioners,*

v.                                                   15-476
                                                     NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONERS:** | Gary J. Yerman, New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Christina J. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yi Liu and Qi Zhao, natives and citizens of the People's Republic of China, seek review of a January 28, 2015, decision of the BIA affirming an August 16, 2013, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Liu, Qi Zhao,* Nos. A200 731 894/895 (B.I.A. Jan. 28, 2015), *aff'g* Nos. A200 731 894/895 (Immig. Ct. N.Y. City Aug. 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's demeanor, inconsistencies in her statements, and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). We

2

review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin*, 534 F.3d at 165. We afford "particular deference" to an IJ's credibility determinations and defer to them "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 166–67 (internal quotation marks omitted).

Here, the agency reasonably found Liu not credible based on inconsistencies between her testimony and her medical documents regarding past pregnancies. Specifically, Liu's testimony that both of her pregnancies in China were terminated involuntarily, one by abortion medication and the other by forced miscarriage, conflicted with hospital information she provided when seeking prenatal care during her pregnancy in the United States. In contrast to her testimony, a section of Liu's U.S. prenatal medical records lists only two pregnancies and identifies only one outcome, an "elective" abortion. This record lists no "involuntary" or "spontaneous" abortion. The agency found Liu not credible based on this inconsistency and

3

reasonably concluded that, even if Liu's medical record referred to her two pregnancies in China and she had not understood that a spontaneous abortion meant miscarriage, the rest of her medical records were inconsistent with her claim because "the outcome of her second pregnancy in China was not accounted for in some form in her medical records in the United States." [CAR 4]. These inconsistencies, which relate to the basis of the petitioners' claim, are sufficient to support the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006).

The agency also did not err in concluding that Liu's corroborating evidence was insufficient to rehabilitate her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question" or is viewed as suspicious). The agency reasonably gave diminished weight to Liu's corroborating evidence: the letter from her mother was from an interested party unavailable for cross-examination, and the letter from a driver for her former employer in China was not accompanied

4

by any proof of employment. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the agency's discretion).

Given the inconsistency and corroboration findings, we identify no basis to disturb the agency's adverse credibility determination, *see Xiu Xia Lin*, 534 F.3d at 165-66, which is dispositive of petitioners' claims for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We have reviewed the other arguments raised by the petitioners and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5